UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

WENDY APODAC,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 2:16-cv-01372 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 19, 20).

Plaintiff suffered from abuse from her mother as a child. Beginning when plaintiff was nine years old, her mother would give her methamphetamines in the morning so that

she would get up and do chores, contributing to a subsequent thirty-year addiction to methamphetamines. Although plaintiff became clean and sober for at least 17 years, through the date of her Administrative hearing, she was in special education classes in school, dropped out of school in the eighth or ninth grade, and alleges that she has been suffering from debilitating anxiety and depression.

The ALJ failed to credit fully plaintiff's testimony, the opinions of plaintiff's treating mental health counselor, and the lay statement offered by plaintiff's husband. Despite the ALJ's implication that some of plaintiff's husband's reports were inconsistent, this finding is not based on substantial evidence in the record as a whole. Plaintiff's husband reported that although plaintiff did not often do chores, when she did, it would take her all day to get something done, further noting that she watched TV all day. Taking all day to get a chore done and also watching TV all day are not necessarily inconsistent. Furthermore, although the ALJ found that his description of plaintiff's difficulties with focus and concentration is not corroborated by mental status findings, such is an improper basis for the failure to credit fully lay evidence.

Therefore, this matter is reversed and remanded for further Administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, WENDY APODAC, was born in 1962 and was 47 years old on the amended alleged date of disability onset of April 1, 2012. S*ee* AR. 30, 53, 187. Plaintiff has a GED. AR. 62. Plaintiff has work experience as a cashier, customer service representative, and floral manager. AR. 206-15.

According to the ALJ, plaintiff has at least the severe impairments of "generalized anxiety disorder and depression (20 CFR 404.1520(c) and 416.920(c))." AR. 55.

At the time of the hearing, plaintiff was living with her husband and 23 year old son. AR. 6.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 70, 71, 94, 95. Plaintiff's requested hearing was held before Administrative Law Judge Glenn G. Meyers ("the ALJ") on October 7, 2014. *See* AR. 1-43. On February 27, 2015, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 50-68.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ provided germane reasons for rejecting the lay testimony (2) Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony; and (3) Whether the ALJ provided legally sufficient reasons for rejecting the opinion of plaintiff's treating mental health provider, Ms. Jill Klenota. *See* Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)    Whether the ALJ provided germane reasons for rejecting the lay testimony.**

Plaintiff contends that the ALJ erred when failing to credit fully the lay opinions offered by plaintiff's husband. *See* Dkt. 11, pp. 14-16. Defendant contends there is no error. *See* Dkt. 13, pp. 13-14.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v.*

*Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

In June, 2013, plaintiff's husband provided an assessment of plaintiff's abilities and limitations, indicating that plaintiff could not leave the house; could not stay focused; had anxiety whenever thinking about any task outside the house; always thought there was something wrong with their pets; slept on and off all day and night long; and did not eat food unless it was made for her, further noting that he and her son had to tell her to shower and get dressed. AR. 247-49. Plaintiff's husband noted that plaintiff will not answer the phone or the door. AR. 248. He specified that when plaintiff did attempt to do some chores, they took her all day. AR. 249. He indicated that she could not stay focused on chores and constantly needed encouragement to do things. AR. 249-50. He indicated that plaintiff only left the house to go to appointments; had to read written instructions over and over; got confused quickly with verbal instructions; and did not handle changes in routine very well. AR. 250-54. He indicated that he had known plaintiff for 24 years. AR. 247.

The ALJ rejected the lay evidence provided by plaintiff's husband. AR. 60. First, the ALJ appears to have implied that there is an inconsistency between his report that plaintiff sometimes does chores and when she does it "just takes all day," and that "sometimes [she] doesn't finish," and his report that plaintiff's hobbies and interests entail watching TV, which she does all day. AR. 249, 251. First, the Court notes that he reported that plaintiff only does chores sometimes, and when she does it takes all day

sometimes she does not finish them. AR. 249. This is consistent with his report that plaintiff cannot stay focused. AR. 247. It also is consistent with his report that she generally watches TV all day. It is clear from his statement that on the occasions when plaintiff attempts chores, it takes her all day long to attempt them, she cannot stay focused on them, she sometimes does not finish them, and apparently, intersperses her attempts at chores with watching TV. The Court concludes that the ALJ's inference that the statements from plaintiff's husband are internally inconsistent is not based on substantial evidence in the record as a whole.

The only reason explicitly relied on by the ALJ for the failure to credit fully the lay statement from plaintiff's husband is that his "description of her difficulties with focus and concentration are not corroborated by mental status findings." AR. 60. As noted by plaintiff, mental status examinations do not test one's ability to maintain concentration for an extended period of time, as is required for work. More importantly, perhaps, reliance on a lack of corroboration from objective medical evidence for failure to credit fully lay evidence is not allowed pursuant to the Ninth Circuit case law.

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)).

Therefore, for the reasons stated and based on the record as a whole, the Court concludes that the ALJ erred when failing to credit fully the lay evidence provided by plaintiff's husband. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). According to the Ninth Circuit, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout, supra*, 454 F.3d at 1056 (reviewing cases).

Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, plaintiff's husband indicated that plaintiff suffered from numerous limitations that were not included in the ALJ's assessment of plaintiff's residual functional capacity, including that plaintiff could not leave the house and did not go out

alone because she was too anxious; could not stay focused; had anxiety whenever thinking about any task outside the house; slept on and off all day and night long; took all day to do simple household chores and could not stay focused on them, needing constant encouragement to do things; had to read written instructions over and over; got confused quickly with verbal instructions; and did not handle changes in routine very well. AR. 247-50. It is very likely that fully crediting these limitations would lead to a finding of disability. Therefore, the Court cannot conclude with confidence that "'no reasonable ALJ, when fully crediting the [lay evidence offered by plaintiff's husband], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

For the reason stated and based on the record as a whole, the Court concludes that this matter must be reversed and remanded for further administrative consideration. However, the Court does not agree that the proper remedy is remand with a direction to award benefits, as requested by plaintiff. Although, as noted briefly below, further development of the medical evidence is necessary, *see infra*, section 3, the record does not demonstrate definitively that plaintiff is indeed disabled. A doctor who plaintiff saw for 15 minutes every four months noted on one occasion that plaintiff was "doing splendidly, with complete resolution of her symptoms, and without side effects." AR. 306. Although this treatment record also includes references to varying symptoms, noting that she recently had an increase in anxiety, this treatment record nevertheless calls into doubt whether or not plaintiff truly is disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (the District Court should not remand with a direction to award

benefits when "the record as a whole creates serious doubt as to [if] the claimant is, in fact, disabled within the meaning of the Social Security Act").

(2) **Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony**.

The Court already has concluded that the ALJ erred in reviewing the lay evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the lay evidence. *See* 20 C.F.R. § 404.1529(c); *see also* SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

(3) **Whether the ALJ provided legally sufficient reasons for rejecting the opinion of plaintiff's treating mental health provider, Ms. Klenota.**

Plaintiff's treating mental health counselor, Ms. Jill Klenota, LMFT, appears to have been the mental health professional who observed plaintiff most frequently and was most familiar with plaintiff's mental health condition, compared with any other provider in this case. The Court agrees with plaintiff regarding the special attention that needs to be given to the opinions from such providers. *See* Dkt. 11, pp. 3-4. 7.

Although it is true that "only 'acceptable medical sources' can [provide] medical opinions [and] only 'acceptable medical sources' can be considered treating sources," the Social Security Administration's own Ruling nevertheless provides that evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *See* SSR 06-03p, 2006 SSR LEXIS 5 at *3-*4 (internal citations omitted). The Social

Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.*

Relevant factors when determining the weight to be given to an other medical source include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source present relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals' impairments(s), and Any other factors that tend to support or refute the opinion.

*Id*. at*11. It is not clear from the ALJ's decision that the ALJ adequately appreciated this Ruling when evaluating the opinion evidence from plaintiff's treating mental health provider.

In addition, although the fact "that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' 'are the most qualified health care professionals,'" "depending on the particular facts in a case, and after applying the factors for weighing

opinion evidence, an opinion from a medial source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *Id.* at *12-*13.

Therefore, the Court concludes that the evidence provided by plaintiff's treating mental health counselor, Ms. Klinota, should be evaluated further following remand of this matter.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 20th day of June, 2017.

J. Richard Creatura
United States Magistrate Judge